IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ROBERT D. SMITH, | : | |
| | : | |
| Claimant, | : | |
| | : | |
| v. | : | CASE NO. 4:11-CV-149-CDL-MSH |
| | : | Social Security Appeal |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Respondent. | : | |

_____

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for a period of disability and disability insurance benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d

1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir.1986). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

given in the Social Security Act.  20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4).  First, the Commissioner determines whether the claimant is working.  *Id.*  If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.  *Id.*  Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.  *Id.*  Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing").  *Id.*  Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.  *Id.*  Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Id.*  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

## Administrative Proceedings

Claimant applied for a period of disability and disability insurance benefits on July 14, 2009, alleging disability October 15, 2008, due to progressive debilitating arthritis. (Tr. 135; ECF No. 13.)  Claimant's application was denied, and Claimant timely requested a hearing before an Administrative Law Judge ("ALJ").  The Claimant

appeared before an ALJ for a hearing on March 14, 2011, and following the hearing, the ALJ issued an unfavorable decision on March 24, 2011. (Tr. 16-28.) The Appeals Council ultimately denied Claimant's Request for Review on July 29, 2011. (Tr. 1-3.) This appeal followed.

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Claimant had not engaged in substantial gainful activity since his alleged onset date. (Tr. 18.) The ALJ found that Claimant had lumbar degenerative disc disease with spondylolisthesis, generalized osteoarthritis, hypertension, dysthymic disorder, pain disorder, and personality disorder, which were determined to be severe. (*Id.*) The ALJ then determined that Claimant's severe impairments did not meet or medically equal, either individually or any combination, any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*)

The ALJ next found that Claimant had the residual functional capacity (RFC) to perform a significant range of light work at all exertional levels with the limitations of not being able to climb ladders, ropes or scaffolds; occasionally stoop and crouch; frequently balance, kneel, and crawl; use an assistive device on uneven terrain; only understand, remember, carry out simple instructions; and that he is only able to remember simple instructions; and that he is unable to perform fast-paced production work. (Tr. 20.) The ALJ determined that at the time of his alleged onset date, Claimant was forty-seven years old, but that the time of the hearing, he had changed age categories to one closely approaching advanced age. (Tr. 26.) The ALJ further found that Claimant had a

high school education and that although Claimant could not perform his past relevant work, transferability of job skills was not material because the GRIDS supported a finding Claimant was not disabled. (Tr. 28.)

## DISCUSSION

Claimant's sole issue alleges that the Appeals Council erred in denying review of evidence which was timely submitted without making any specific finding as to the evidence. (CL.'s Br. 18.) Claimant argues that medical evidence submitted after the hearing could have changed the ALJ's findings with regard to his mental impairment[2] and that the Appeals Council failed to make any findings as to that evidence. (*Id.*)

The Regulations state that the Appeals Council will review an ALJ's decision only when it determines after review of the entire record, including the new and material evidence, that the decision is contrary to the weight of the evidence currently in the record. 20 C.F.R. § 404.970(b). New evidence presented to the Appeals Council must relate to the period on or before the ALJ's hearing decision. *Id.* In the case at bar, the Appeals Council received the new evidence and considered it, but determined that the evidence did not provide a basis for changing the final decision of the ALJ.

When the Appeals Council has denied review of new evidence properly presented, a reviewing court must consider whether the denial of benefits is supported by substantial evidence in the record as a whole, including the evidence submitted to the Appeals Council. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262, 1266-67 (11th

---

2 Of note, the ALJ's findings reveal that he incorporated the mode of analysis of the psychiatric review technique form in his decision as is required where a Claimant makes a colorable claim of mental impairment. *Ehrisman v. Astrue,* 377 Fed.Appx. 917, 918 (11th Cir. 2010).

Cir. 2007). "[A] sentence six remand is available when evidence not presented to the Commissioner at any stage of the administrative process requires further review." *Id.* To show that a sentence six remand is needed, "the claimant must establish that: (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result and (3) there is good cause for the failure to submit the evidence at the administrative level." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986).

Here, the Appeals Council accepted new evidence in the form of a medical source statement from John Fullick, PAC, and Dr. Kaizad Shroff, as well as treatment reports from New Horizons CSB from January 14, 2010, through September 20, 2010. (Tr. 428-29, 432-33, 434-56.) The Appeals Council considered the evidence but found that it did not provide a basis for changing the ALJ's decision. Thus, the Appeals Council denied review.

## I.   Appeals Council's Failure to State its Reasons for Denying Review

A review of the relevant Regulations, at 20 C.F.R. § 416.1470, reveals that the Appeals Council is not required to articulate its reasons for denying review of an ALJ's findings. The Eleventh Circuit has held in several cases[3] that the Appeals Council was not required to explain its denial of a claimant's request for review of an ALJ's findings. With regard to Claimant's reliance on *Flowers v. Astrue,* 441 F App'x 735, 745 (11th Cir.

---

3 *Burgin v. Comm'r of Soc. Sec.*, No. 10-13394, 2011 WL 1170733 at *2 (11th Cir. Mar. 30, 2011) ("[T]he Appeals Council was not required to explain its denial of review."); *Mansfield v. Astrue,* No. 09-15750, 2010 WL 3401634, at *2 (11th Cir. Aug. 31, 2010); *Robinson v. Astrue*, No. 09-12472, 2010 WL 582617, at *3 (11th Cir. Feb. 19, 2010); *Barclay v. Soc. Sec.*, No. 07-12960, 2008 WL 649184, at * 4 (11th Cir. Mar. 12, 2008).

2011), which was remanded to the district court for the Appeals Council's failure to articulate its reasons for denying review of an ALJ's decision based on new evidence, it is found that the case relied on by the Eleventh Circuit in *Flowers*, *Epps v. Harris*, 624 F.2d 1267 (5th Cir. 1980), predated a decision by the Social Security Commissioner to suspend the requirement that the Appeals Council discuss its reasons for denying review. *See* HALLEX section I-3-5-90, 2001 WL 34096367; *Higginbotham v. Barnhart*, 405 F.3d 332, 335 n.1 (5th Cir. 2005) (acknowledging that the Commissioner suspended the requirement of a detailed discussion of additional evidence). As such, the Claimant's reliance on the ruling is *Flowers* is misplaced.

In this case, a review of the Appeals Council's denial of review, along with the new evidence presented, fails to reveal any error in the Appeals Council's failure to state with specificity its reasons for denying review.

## II.   Review of the New Evidence

Within the same issue, Claimant argues that the newly submitted evidence would have changed the ALJ's mind on the issue of disability with regard to his mental limitations. (Cl.'s Br. 13.) Claimant argues that the newly presented evidence is new and material. Thus, Claimant contends that the Appeals Council erred in denying review. (*Id.*)

As to the evidence first presented to the Appeals Council from New Horizons dated January 14, 2010, through September 20, 2010 (Tr. 434-56), it is found that this evidence was available for submission to the ALJ for review. As stated above, a claimant must show good cause for failing to submit medical evidence to the Appeals Council

which was available to him prior to the ALJ's decision. Claimant has failed to do so. Claimant merely states that the treatment notes from New Horizons were first submitted to the Appeals Council in this case. Claimant gives no cause at all as to why this evidence was not submitted to the ALJ. Thus, the Appeals Council did not err in denying review of the New Horizons evidence.

For the same reason, the Medical Source Statement (Mental) signed by John Fullick, PAC on March 14, 2011, and by Dr. Kaizad Shroff on March 16, 2011 (Tr. 428-429), was in existence prior to the ALJ's findings and could have been presented to the ALJ prior to his decision, which was not issued until eight days later on March 24, 2011. As noted above, all of the evidence Claimant contends is relied on by Dr. Shroff in his Medical Source Statement was evidence never presented to the ALJ even though it existed prior to the hearing. The record fails to reveal that Claimant attempted to supplement the record to present the Medical Source Statement to the ALJ prior to the rendering of his decision. As such, Claimant has failed to establish good cause for failing to present the evidence to the ALJ.

However, even if good cause were to have been found to exist, a sentence six remand would not be required in this case because the evidence would not likely change the ALJ's decision. The Medical Source Statement signed by Dr. Shroff found that Claimant had marked to extreme limitations in most areas of functioning. (Tr. 428-29.) Claimant argues that although no clinical signs or laboratory findings support Dr. Shroff's opinion, the clinical observations found in Dr. Shroff's treatment notes "give a plausible basis for his medical opinion and there is no contrary opinion evidence from a

treating physician." (Cl.'s Br. 16.) The treatment notes from Dr. Shroff to which Claimant refers[4] reveal, in relevant part, that Claimant was noncompliant with his medications on several occasions, show that Claimant's mental status was within normal limits, and show that he did not meet the criteria for inpatient hospitalization. (Tr. 438.)

Furthermore, the state agency consultant, Dr. O'Neil, whose opinion Claimant feels was entitled to less weight (Cl's Br. 17), found that Claimant would have some trouble with extended concentration, persistence and pace, but was able to do simple non-productive tasks; he would have some trouble with reliability, but there was no psychiatric basis for inability to inform an employer of an occasional need to miss work; and he would have some trouble with extensive interpersonal demands and with stress, but able to relate on a basic level in a fairly low demand setting. (Tr. 362.) These findings were consistent with those as found by the ALJ in determining Claimant's RFC.

After reviewing the evidence, it is ultimately determined that the Appeals Council did not err in denying review of Claimant's case. It is further determined that the Appeals Council did not err in failing to give a detailed explanation as to why it denied review.

## CONCLUSION

WHEREFORE, for the foregoing reasons, it is RECOMMENDED that the Commissioner's decision in this case be AFFIRMED. Pursuant to 28 U.S.C. § 636(b)(1), the Claimant may serve and file written objections to this recommendation with the

---

4 These records were also not made available to the ALJ even though they were completed in 2010, which was prior to the administrative hearing in this case.

UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this, the 20th day of November, 2012.

                                                             S/ STEPHEN HYLES
                                                             UNTED STATES MAGISTRATE JUDGE